**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**


MARWAN SNODGRASS,                        :

     Petitioner,                        :        Case No. 3:09cv00081

 vs.                                :        District Judge Walter Herbert Rice
                                         Magistrate Judge Sharon L. Ovington

TIM BRUNSMAN, Warden,                    :
Lebanon Correctional Institution,
                                         :
     Respondent.                        :

                                         :


## REPORT AND RECOMMENDATIONS[1]


## I.    Introduction

A sidewalk encounter on September 5, 2006 between Marwan Snodgrass and two

police officers began calmly but escalated into a dangerous struggle. The struggle ended

when the officers subdued and handcuffed Snodgrass. The officers then searched him

and found several items in his pockets, including a loaded handgun, a digital scale, and

$623 in cash.

State criminal indictments against Snodgrass soon followed. His case proceeded

to trial where the jury found him guilty of felonious assault on a police officer, assault

with a firearm specification, and carrying a concealed weapon. (The jury found him not

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

guilty of trafficking in cocaine).  On the remaining charge, having a weapon while under a disability, the trial judge accepted Snodgrass's no-contest plea and found him guilty.

Today, Snodgrass is in state custody in the Lebanon Correctional Institution in Warren County, Ohio serving an aggregate nineteen-year prison sentence.  He brings this case *pro se* seeking a writ of habeas corpus under 28 U.S.C. §2254 requiring state officials to release or retry him or to enter a "proper sentence."  (Doc. #1 at 15).  The case is before the Court upon Snodgrass's Petition and Merit Brief (Doc. #1), Respondent's Answer (Doc. #6), and the record as a whole.

## II.    State Court Proceedings

## A.    Motion to Suppress and Trial

Before trial began, defense counsel filed a motion to suppress the evidence the police had found on Snodgrass at the time of his arrest.  (Doc. #6, Exhibit 6).  Counsel argued that the warrantless search violated Snodgrass's rights under the Fourth Amendment to the Constitution and *Terry v. Ohio*, 392 U.S. 1 (1968) and similar Ohio case law.

After holding an evidentiary hearing, the trial judge denied Snodgrass's motion to suppress.  In his written decision, the trial judge described the applicable legal standards established in several Supreme Court cases including *Terry v. Ohio* and *Florida v. J.L.*, 529 U.S. 266 (2000) and *Alabama v. White*, 496 U.S.325 (1968).  (Doc. #6, Exh. 7 at 82-83). Discussing and applying *J.L.*, the trial judge wrote:

"Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her allegations turn out to be fabricated, 'an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity.'" <u>Florida v. J.L.</u> . . . Accordingly, anonymous tips normally require suitable corroboration demonstrating "sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop."

In <u>J.L.</u>, the United States Supreme Court clarified the nature of the corroboration required to render an anonymous tip. In that case, the police received information from an anonymous informant that a young black male, who was wearing a plaid shirt and standing at a particular bus stop, was carrying a gun. When the police arrived at that bus stop, they observed three black males, one of whom was wearing a plaid shirt. They frisked him and seized a gun from his pocket.

Based on these facts, the Supreme Court unanimously declared the investigative stop invalid, holding that an anonymous tip that a person is carrying a gun, without more, is insufficient to justify a police officers' stop and frisk of that person.

This case <u>sub judice</u> is similar to <u>J.L.</u> Accordingly, this Court is of the opinion that an anonymous tip that a person, without more, is insufficient to justify a police officer's stop and frisk of that person. However, in viewing the totality of the circumstances, the Court finds that at least Officer Fredendall had more than just the anonymous tip. He had (1) the anonymous tip, (2) a person with whom he was familiar and knew to have arrests and/or convictions pertaining to drugs and weapons, and (3) a person who was in what he knew to be a high crime area.

Accordingly, the Court finds that Officer Fredendall had reasonable suspicion supported by specific and articulable facts to believe that the defendant was engaged in criminal behavior, and was therefore justified in conducting a stop and frisk.

(Doc. #6, Exh. 7 at 82-83)(internal citations omitted). The judge further explained that once Snodgrass resisted and allegedly assaulted the officers, and after they arrested him, the officers were constitutionally justified in conducting a full search incident to his lawful arrest.

*Id*.

Snodgrass's trial lasted most of two days and ended with the verdicts described above, *supra*, §I.

**B.    Direct Appeal**

Represented by new counsel, Snodgrass filed timely direct appeals, which were later consolidated into a single proceeding.  His new counsel raised one assignment of error:

> The trial court abused its discretion by failing to strike the medical opinion testimony of Dr. Harlan, when that witness did not possess a medical license.  (July 6, 2007 Transcript p. 251).

(Doc. #6, Exh. 14 at 107).  The Ohio Court of Appeals found no merit in this assignment of error and dismissed his appeal.  (Doc. #6, Exh. 16).

Snodgrass, proceeding *pro se*, sought timely review in the Ohio Supreme Court. He again argued that trial court abused its discretion by failing to strike Dr. Harlan's medical-opinion testimony.  The Ohio Supreme Court declined to exercise jurisdiction and dismissed his appeal.  (Doc. #6, Exhs. 18-20).

**C.    Application to Reopen Direct Appeal**

Meanwhile, Snodgrass had also filed a timely *pro se* Application to Reopen Direct Appeal in the Ohio Court of Appeals.  (Doc. #6, Exhs. 21, 22, 24).  "Under Ohio Appellate Rule 26(B), '[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.'"  *O'Hara v. Brigano*, 499 F.3d 492, 497 (6th Cir. 2007).

Snodgrass argued in his Motion to Reopen Direct Appeal that his appellate counsel on direct appeal provided him with constitutionally ineffective assistance by failing to

raise a claim of ineffective assistance of trial counsel. He contended that trial counsel provided ineffective assistance (1) by not challenging, for cause or peremptorily, the inclusion of his former juvenile probation officer on the jury, and (2) by failing to object – mainly under *State v. Foster*, 109 Ohio St.3d 1 (2006) – to the imposition of consecutive sentences.[2] (Doc. #6, Exh. 21). Additionally, Snodgrass asserted that his appellate counsel provided ineffective assistance by not contending that the trial court erred in denying his motion to suppress and in instructing the jury with an unsolicited and modified charge under *United States v. Allen*, 164 U.S. 492, 501-02 (1896). (Doc. #6, Exhs. 22, 24).

The Ohio Court of Appeals rejected and denied Snodgrass's claim of ineffective assistance of appellate counsel, finding no merit in any of the claims that Snodgrass thought counsel should have raised on appeal. (Doc. #24 at 206-09).

Snodgrass appealed further but the Ohio Supreme Court declined to exercise jurisdiction. (Doc. #6, Exhs 26-28).

With matters concluded in the Ohio courts, Snodgrass filed this federal habeas corpus case.

## III. Discussion

## A. Procedural Default and Waiver

---

[2] Snodgrass raised, but then voluntarily dismissed, one additional allegation of ineffective assistance of trial counsel. *See* Doc. #6, Exh. 24.

Snodgrass raises a total of five grounds for relief in his habeas petition. Skipping

his first claim, for the moment, he remaining claims are:

> Ground Two: Petitioner Was Deprived of Effective Trial Counsel Where Trial Counsel Failed to Challenge Obviously Biased Juror. . . .
>
> Ground Three: Petitioner Was Deprived of Due Process by the Imposition of Multiple Consecutive Sentences in the Absence of Subject Matter Jurisdiction to Do So, Rendering the Sentence Void. . . .
>
> Ground Four: Petitioner Was Deprived of Due Process of Law Where the Trial Court Refused to Suppress Evidence Obtained in Violation of the Fourth Amendment. . . .
>
> Ground Five: Petitioner Was Denied a Fair Trial by an Impartial Jury Where the Trial Court Gave an Unsolicited and Modified "Allen" Charge to the Jury Without Consultation with Counsel. . . .

(Doc. #1 at 5-12) (underline and footnote added; supporting allegations omitted).

Respondent contends that Snodgrass has waived federal habeas review of these

claims by failing to raise them in the Ohio courts on his direct appeal. This contention is

well taken.

Before seeking federal habeas relief, an inmate in state custody "'must give the

state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process.'" *Williams v. Bagley*,

380 F.3d 932, 967 (6th Cir. 2004)(quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 845

(1999)). To accomplish this, the inmate must proceed in state court by following the

state's adequate and independent procedural rules. An inmate who fails to follow those

rules runs the risk of committing a procedural default that might forever block his path to obtaining federal habeas review. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *see also Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing, in part, *Coleman v. Thompson*, 501 U.S. 722, 749, 111 S.Ct. 2546 (1991)); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Under Ohio's doctrine of res judicata a convicted defendant must raise on direct appeal the claims that appear on the face of the record. *See Monzo v. Edwards*, 281 F.3d 568, 576-77 (6th Cir. 2002); *see also Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *State v. Cole*, 2 Ohio St.3d 112, 113 (1982). Failing to do so typically triggers res judicata and bars future litigation of the claims in the Ohio courts. *See Cvijetinovic v. Eberlin*, 617 F.3d 833, 836 n.2 (6th Cir. 2010); *see also Monzo*, 281 F.3d at 576-677.

To determine whether Snodgrass committed a procedural default under Ohio's doctrine of res judicata, the four-part *Maupin* test applies.[3] *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see Monzo*, 281 F.3d at 576. Applying *Maupin* and , Snodgrass's omission of his second through fifth grounds for relief during his direct appeal in both the Ohio Court of Appeals and the Ohio Supreme Court constitutes a procedural default under Ohio's adequate and independent doctrine of res judicata. *See*

---

[3] The *Maupin* test resolves (1) whether there is a firmly established state procedural rule with which the petitioner failed to comply; (2) whether the state court actually enforced the rule in sanctioning the petitioner's failure to comply; (3) whether the petitioner's failure to comply with the state procedural rule constitutes an adequate and independent ground for barring federal habeas review; and (4) whether the petitioner has shown both cause and prejudice sufficient to excuse the procedural default or whether a failure to conduct habeas review of a claim will result in a miscarriage of justice. 785 F.2d at 138.

*Bonilla*, 370 F.3d at 497; *see also Monzo*, 281 F.3d at 576-77 ("In Ohio, *res judicata* has

long been held to bar consideration of constitutional claims in post-conviction

proceedings. . . ."); *Greer v. Mitchell,* 264 F.3d 663, 673 (6th Cir. 2001); *Jacobs v. Mohr*

265 F.3d 407, 417 (6th Cir. 2001).

Snodgrass's procedural default will bar federal habeas review of his second

through fifth grounds for relief unless he can show cause and prejudice sufficient to

excuse his procedural default.  *Maupin*, 785 F.2d at 138; *see Monzo*, 281 F.3d at 576-77.

He has not attempted to do so, and the record on its face fails to do so for him – with one

possible exception: ineffective assistance of appellate counsel.  "[I]n certain circumstances

counsel's ineffectiveness in failing to properly preserve the claim for review in state court

will suffice. . ." to show cause for a procedural default.  *Edwards v. Carpenter*, 529 U.S.

446, 451 (2000).  "Not just any deficiency in counsel's performance will do, however; the

assistance must have been so ineffective as to violate the Federal Constitution.  In other

words, ineffective assistance adequate to establish cause for the procedural default of

some other constitutional claim is *itself* and independent constitutional claim."  *Id*.

Although ineffective assistance of appellate counsel can, in some situations,

constitute cause for a procedural default, it does not do so for Snodgrass because the claim

fails on its merits.  *See infra*, §III(B); *see also Carpenter*, 529 U.S. at 451; *Jacobs*, 265

F.3d at 417.  Neither Snodgrass nor the record reflects that a miscarriage of justice will

occur absent federal habeas relief.

Accordingly, Snodgrass's procedural default bars federal habeas review of his

second through fifth grounds for relief.

**B.    Ineffective Assistance of Appellate Counsel**

**1.**
**The Parties' Contentions**

Snodgrass contends that a writ of habeas corpus must issue in his favor because he

was deprived of the effective assistance of counsel on his direct appeal.  He reasons:

> [His] appointed appellate counsel overlooked the significant
> constitutional issues concerning trial counsel's failure to challenge a clearly
> biased juror; the imposition of multiple consecutive sentences in the absence
> of subject matter jurisdiction to do so; the improper denial of a motion to
> suppress and improper and coercive jury instructions which deprived [him]
> of a fair trial, in favor of a single assignment of error regarding the
> suspended licensure of a state expert medical witness at trial, falling solely
> under an "abuse of discretion" standard and dooming the entire appeal to
> failure. . . .

(Doc. #1 at 21).

Respondent contends that Snodgrass's claim of ineffective assistance of appellate

counsel lacks merit for the reasons set forth in the Ohio Court of Appeals' decision

denying his Application to Reopen Direct Appeal.  And, invoking the Antiterrorism and

Effective Death Penalty Act (AEDPA),[4] Respondent contends that the Ohio Court of

Appeals' decision was not unreasonable.

**2.**
**The Writ, The AEDPA,**
**And Intermediate-AEDPA Deference**

_____

[4]  The AEDPA is found in part at 28 U.S.C. §2254.  *See* Pub.L. No. 104-132, 110 Stat. 1214.

The United States courts have the authority to grant a writ of habeas corpus to a prisoner who is state custody "in violation of the Constitution . . . of the United States." 28 U.S.C. §2241(c)(3). The AEDPA limits the reach of the federal writ "'with respect to claims adjudicated on the merits in state court.'"[5] *Coomer v. Yukins*, 533 F.3d 477, 484 (6th Cir. 2008)(quoting *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495 (2000)). Such state-court decisions do not warrant habeas relief under the AEDPA "unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. §2254(d)(1); *see Washington v. Renico*, 455 F.3d 722, 728 (6th Cir. 2006).

The pertinent decision at issue in this case is the Ohio Court of Appeals' decision denying Snodgrass's Motion to Reopen Direct Appeal. (Doc. #6, Exh. 24; *see supra*, §II(C)). Respondent asserts that intermediate-AEDPA deference applies to the Ohio Court of Appeals' decision. (Doc. #6 at 55-56). Snodgrass does not contend otherwise and it favors him, at least potentially, to apply intermediate deference as opposed to full-AEDPA deference to the Ohio Court of Appeals decision.

Under the intermediate-AEDPA standard of review, "'federal habeas courts are obligated to conduct an independent review of the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly

---

[5] The AEDPA applies to Snodgrass's habeas petition because he filed it well after the AEDPA became law. *See Sinkfield v. Brigano*, 487 F.3d 1013, 1016 (6th Cir. 2007).

established law, or is based on an unreasonable determination of the facts in light of the evidence presented.'" *Joshua v. DeWitt* , 341 F.3d 430, 447 (6th Cir. 2003)(citation omitted). "Yet, any independent review that is conducted must remain deferential to the state court's decision and cannot amount to a 'full, de novo review of the claims.'" *Id*. at 447-48 (citation omitted).

Having conducted an independent review of the record, resolution of Snodgrass's claim of ineffective assistance of appellate counsel turns on whether the Ohio Court of Appeals' rejection of his claim was contrary to or involved an unreasonable application of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1); *see Joshua*, 341 F.3d at 447-48 (and cases cited therein).

A state-court decision is contrary to clearly established Supreme Court case law "'if the state court arrive[d] at a conclusion opposite to that reached by [the U.S. Supreme] Court on a question of law or if the state court decide[d] a case differently than [the U.S. Supreme] Court has on a set of materially indistinguishable facts." *Villagarcia v. Warden*, 599 F.3d 529, 533 (6th Cir. 2010) (quoting in part *Williams v. Taylor*, 529 U.S. 362, 413 (2000) (brackets added in *Villagarcia*). "Under [the AEDPA's] 'unreasonable application' clause..., a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" *Villagarcia*, 599 F.3d at 533 (quoting *Williams*, 529 U.S. at 411); *see Lovell v. Duffey*, 629 F.3d 587, 594 (6th Cir. 2011).

11

**3.**
**Analysis**

"There is no doubt that there is a constitutional right to effective assistance of counsel during a direct appeal as of right...." *Smith v. Ohio Dept. of Rehab. and Corr.*, 463 F.3d 426, 433 (6th Cir. 2006) (citing as examples, *Smith v. Robbins*, 528 U.S. 259, 275-76 (2000) and *Harbison v. Bell*, 408 F.3d 823, 829 (6th Cir. 2005)). The Ohio Court of Appeals did not hold to the contrary when ruling on Snodgrass's Motion to Reopen Direct Appeal. *See* Doc. #6, Exh. 24. Although the Ohio Court of Appeals did not cite or mention the applicable Supreme Court decision, *Strickland v. Washington*, 466 U.S. 668 (1984), its analysis was not contrary to, and did not unreasonably apply, *Strickland's* standards. *See Smith v. Robbins*, 528 U.S. at 285-86 ("the proper standard for evaluating Robbins' claim that appellate counsel was ineffective ... is that enunciated in *Strickland . . . .*"); *see also Joshua*, 341 F.3d at 441 ("A defendant is entitled to effective assistance of counsel in connection with a . . . first appeal as of right.")(citing *Evitts v. Lucey*, 469 U.S. 387, 396 (1985)).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show that his 'counsel's representation fell below an objective standard of reasonableness' and that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003) (quoting in part *Strickland*, 466 U.S. at 688 (other citation omitted). "'[A]ppellate counsel cannot be ineffective for a failure to raise

an issue that lacks merit." *Willis*, 351 F.3d at 745 (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). "Counsel's failure to raise an issue on appeal is ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005) (citing *Greer v. Mitchell,* 264 F.3d 663 (6th Cir. 2001))*; cf. Whiting v. Burt*, 395 F.3d 602, 616 n.8 (6th Cir. 2005)(listing questions applicable to a de novo review of claims that appellate counsel provided ineffective assistance on a convicted defendant's direct state appeal); *see Henness v. Bagley*, 644 F.3d 308, 317-18 (6th Cir. 2011).

The Ohio Court of Appeals found no merit in any of the claims Snodgrass believed that his appellate counsel should have raised on direct appeal. Starting with his juror-bias claim – *i.e.*, that trial counsel's was ineffective by not challenging the inclusion on the jury of his former juvenile probation officer – the Ohio Court of Appeals explained:

> There is no indication that the juror who had been Snodgrass' juvenile probation officer would be biased against him. During voir dire, she denied that knowing him would prevent her from being impartial. Therefore, we see no basis for a challenge for cause. Although defense counsel could have used a peremptory challenge to strike the juror, we have no way of knowing why counsel did not. It could be that Snodgrass and his former probation officer had a good relationship and that counsel believed she would be sympathetic to him. In any event, the exercise of peremptory challenges is a matter of trial strategy. Snodgrass has failed to rebut the presumption that counsel used those challenges competently. Moreover, we find no prejudice to Snodgrass in light of the juror's assurance under oath that she could be impartial.

(Doc. #6, Exh. 24 at 206). The Ohio Court of Appeals did not err in observing that Snodgrass's former juvenile probation officer denied, during voir dire, that knowing

Snodgrass would prevent her from being fair and impartial. The trial record confirms as much. (Doc. #6, Exh. 29, Tr. Vol. I, 308). The juror's denial likewise negated any prejudice potentially flowing from defense counsel's failure to challenge her for cause or peremptorily, as the Ohio Court of Appeals reasonably recognized. In addition, the Ohio Court of Appeals reasonably considered whether defense counsel's decision not to challenge this juror was a trial strategy based on the possibility that the juror's prior knowledge of him as a juvenile could engender sympathy for him. The trial record, moreover, does not reflect the existence of circumstances during voir dire sufficient to overcome either the "strong presumption that counsel's conduct falls within the wide range of professional assistance...," or "the presumption that, under the circumstances, the challenged action might be considered trial strategy." *Strickland*. 46 U.S. at 689.

Next, the Ohio Court of Appeals found no merit in Snodgrass's contention that trial counsel erred by not objecting to his consecutive sentences under *State v. Foster,* 109 Ohio St.3d 1 (2006). The Ohio Court of Appeals briefly noted that it had rejected this contention "many times most recently in *State v. North*, Clark App. No. 2007-CA-0059, 2008-Ohio-6239, ¶10 (citing cases)." (Doc. #6, Exh. 24 at 3); *see State v. North*, 2008 WL 5064879 at *1-*2 (Nov. 26, 2008). Because Snodgrass's *Foster* claim lacked merit under Ohio law, the Ohio Court of Appeals reasonably declined to find error in defense counsel's failure to object to Snodgrass's consecutive sentences. Its rejection, moreover, of this claim was neither contrary to nor unreasonably applied the Supreme Court cases discussed and applied in *Foster*, most notably *Blakely v. Washington*, 542 U.S. 296 (2004)

and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Indeed, the Supreme Court has since determined that the right to a jury trial under the Sixth Amendment discussed in *Blakely* and *Apprendi* is not violated by judicial factfinding necessary to support the imposition of consecutive sentences. *Oregon v. Ice*, 555 U.S. 160, 167-69 (2009).

Turning to the next issue, the Ohio Court of Appeals rejected Snodgrass's contention that his appellate counsel's provided ineffective assistance by failing to challenge the trial court's denial of his motion to suppress evidence.[6] The Ohio Court of Appeals reasoned:

> As for the trial court's denial of a suppression motion, appellate counsel did not provide ineffective assistance by failing to raise this issue on appeal. Snodgrass contends he was subjected to an unlawful investigatory detention that resulted from an anonymous tip. Therefore, he argues that the trial court should have suppressed a loaded handgun, digital scales, and cash found in his possession after he resisted an attempt by police officers to pat him down. But even if the anonymous tip did not give the officers reasonable, articulable suspicion of criminal activity to justify detaining Snodgrass on a street corner and patting him down, we would find no basis for suppression. When the officers stopped Snodgrass and attempted to pat him down, he assaulted at least one of them and gave him the officer a concussion. As a result, he was arrested and the evidence at issue was discovered. Even assuming, arguendo, that the initial stop and attempt to frisk Snodgrass violated *Terry v. Ohio* (1968), 392 U.S. 1, his subsequent assault on a police officer justified his arrest. Because the evidence was obtained incident to that arrest, it was not subject to suppression. *Cf. State v.*

---

[6] Typically, a petitioner may not litigate in federal habeas a claim that a police search violated the Fourth Amendment claim when the claim was litigated in a full and fair state proceeding. *See Stone v. Powell*, 428 U.S. 465 (1976). However, Respondent notes that such claims may be reviewed in federal habeas corpus when asserted as part of a claim ineffective assistance of trial or appellate counsel. (Doc. #6 at 62 n.4) (citing *Kimmelman v. Morrison*, 477 U.S. 365 (1986)). *See Joshua v. DeWitt*, 341 F.3d 430, 437-38 (6th Cir. 2003); *but cf. Bergholz v. McMackin*, 1990 WL 223036 at *4 (6th Cir. Dec. 27, 1990)( "*Kimmelman* cannot be read so broadly, as appellant suggests, to mean that a Fourth Amendment issue fully litigated in state courts can be raised and relitigated in a federal habeas proceeding whenever there are other related constitutional violations alleged.).

*Richardson* (Aug. 20, 1999), Montgomery App. No. 17667[, 1999 WL 9577712 at *3] ("In the case before us, Richardson's act of shoving Benge gave rise to a reasonable, articulable suspicion, on her partner's part, that Richardson had committed the offense of Assault. It matters not that Benge's initial stop and frisk order may have been unlawful; the principle is not permitted to use force to resist an unlawful arrest has been extended to prohibit using force to avoid an unlawful detention.").

(Doc. #6, Exh. 24 at 206-07). The Ohio Court of Appeals' conclusion that Snodgrass failed to establish ineffective assistance of appellate counsel by failing to challenge the trial judge's decision denying Snodgrass's motion to suppress was not unreasonable. Snodgrass's Fourth Amendment challenge to his initial stop, as the trial judge recognized, lacked merit because under the totality of the circumstances, Officer Fredendall had specific and articulable facts to reasonably believe that the individual he stopped (Snodgrass) was involved in criminal activity. *See Terry*, 392 U.S. at 21-22. As discussed above, the trial judge also carefully examined and distinguished *Florida v. J.L* from Snodgrass's case. *Supra*, §II(B). The record of the suppression hearing supports the facts that trial judge relied on to distinguish *J.L.* and to find no *Terry*/Fourth Amendment violation. *See* Doc. #6, Exh. 7 and Exh. 29, Trial Tr., Vol. I at 233- 61. In addition, the Ohio Court of Appeals' reliance on the search-incident exception to the Fourth Amendment's search warrant requirement was not contrary to and did not unreasonably apply Supreme Court case law. *See Chimel v. California*, 395 U.S. 752, 762-63. For these reasons, appellate counsel did not err in failing to challenge the trial judge's decision on Snodgrass's direct appeal. And, in turn, the Ohio Court of Appeals' rejection of Snodgrass's claim of ineffective assistance of counsel was not contrary to, and did not

unreasonably apply, Supreme Court case law. *See Henness*, 644 F.3d at 319 ("Because Henness has not demonstrated that his Fourth Amendment claim has merit, his underlying ineffective assistance of trial counsel claim fails, along with the ineffective assistance of appellate counsel claim.").

Turning to Snodgrass's final "*Allen*"-charge assertions, the Ohio Court of Appeals ruled:

> We find no merit in Snodgrass' argument that the trial court improperly gave an unsolicited and modified "Allen" charge. The charge was not unsolicited. The trial court stated in open court and in the presence of Snodgrass, counsel and the jury: "[I]t came to my attention through the Bailiff that, perhaps, you are in a position where you don't think you are able to reach a verdict on at least one count . . . ." Since a bailiff is not present with the jury during deliberations, the implications of this statement is that the jury conveyed the information to the bailiff, who informed the judge. Therefore, we reject Snodgrass' claim that there was "no communication generated by the jury."
>
> As for the substance of the trial court's charge, Snodgrass contends it was objectively coercive because it omitted an admonition against any juror surrendering his or her honestly held beliefs. We disagree. The trial court's charge tracked the language adopted by the Ohio Supreme Court in *State v. Howard* (1989), 42 Ohio St.3d 18, nearly verbatim and was not objectionable. . . .

(Doc. #6, Exh. 24 at 207-08).

The Ohio Court of Appeals' reliance on *State v. Howard* was not contrary to Supreme Court case law because "[t]he *Howard* charge is no more coercive than the *Allen* charge." *Brown v. Bradshaw*, 531 F.3d 433, 437 (6th Cir. 2008); *cf. Hoosic v. Fedders*, 916 F.2d 356, 357 (6th Cir. 1990) (diversity-jurisdiction case noting, "In *Howard*, the Ohio court adopted a modified version of the traditional *Allen* charge for use in criminal

cases, which version ostensibly was more 'balanced' in addressing jurors who belong to the 'minority' view within a deadlocked panel.").  A review of the trial judge's *Howard* charge confirms its consistency with the instruction approved in *Howard* and does not contain additional comments hinting at an attempt to coerce the jury.  *See* Doc. #6, Exh. 29, Trial Tr., Vol. II at 653-57).  Instead, the trial judge told the jurors, in part, "It is conceivable after a reasonable length of time, honest differences of opinion on the evidence may prevent an agreement upon a verdict. . . ."  *Id.* at 656.  A few moments later, he repeated this comment, then continued, "When that condition exists, you may consider whether further deliberations will serve a useful purpose.  If you decide you cannot agree and that further deliberations will not serve a useful purpose, you may ask to be returned to the courtroom and report that fact to the Court.  On the other hand, if there is a possibility of reaching a verdict, you should continue your deliberations. . . ."  *Id.*  The trial judge repeated, in conclusion, "again, I will ask that you return to the jury room with additional instructions in mind and remind you that if you get to a point where you cannot agree and you believe further deliberations will not serve a useful purpose, you can bring that to the attention of the Court at that time."  *Id.* at 657.  Given the balanced and non-coercive substance of these and the trial judge's entire instructions, the Ohio Court of Appeals did not unreasonably reject Snodgrass's *Allen*-charge arguments.

**4.**

In sum, the Ohio Court of Appeals' rejection of Snodgrass's ineffective assistance of appellate counsel claim was neither contrary to nor involved an unreasonable

application of Supreme Court case law because each of the claims Snodgrass believes his appellate counsel erred by omitting lacked merit. *See Howard*, 405 F.3d at 485; *see also Willis*, 351 F.3d at 745.

## IV.    <u>Certificate of Appealability</u>

Before a petitioner may appeal a denial of his habeas petition, he must first obtain a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). To obtain a certificate of appealability when a habeas petition is denied on the merits, the petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This is accomplished by showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484. If the District Court dismisses the petition on procedural grounds without reaching the merits of the constitutional claims, the petitioner must show that jurists of reason would find it debatable whether the District Court is correct in its procedural ruling. *Slack*, 529 U.S. at 484.

The conclusions reached in the instant Report are not debatable by jurists of reason and the case does not otherwise present issues sufficient to encourage Snodgrass to proceed further. Consequently, a certificate of appealability should not issue in this case.

## IT IS THEREFORE RECOMMENDED THAT:

1.    Marwan Snodgrass' Petition for Writ of Habeas Corpus (Doc. #1) be

DENIED and DISMISSED;

2.      Snodgrass be denied leave to appeal *in forma pauperis* pursuant to 28 U.S.C. §1915(a) and be denied any requested certificate of appealability under 28 U.S.C. §2253(c); and

3.      The case be terminated on the docket of this Court.

October 24, 2011

                                  s/Sharon L. Ovington      
                                   Sharon L. Ovington
                           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).